SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
NATHANIEL COOPER,

                    Plaintiff,

-against-

THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY
POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON,
THE SOUTHAMPTON TOWN POLICE DEPARTMENT,
THE SUFFOLK COUNTY DISTRICT ATTORNEYS
OFFICE, and "JOHN DOE", a person or firm whose name
is currently unknown,

                    Defendant.
----------------------------------------------------------------X

Index No.: 14-04079
Date Purchased: 2/26/14

**SUMMONS**

Plaintiff designates
Suffolk County as the
place of trial.

The basis of the venue is:
Plaintiff's place of
residence

Plaintiff resides at
1 North Lexington Lane
Shirley, New York 11967

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorney within twenty (20) days after the service of this Summons exclusive of the day of service, (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

Dated: Northport, New York
       February 14, 2014

                                    LAW OFFICES OF PETER S. SMITH, PLLC

                                    Peter S. Smith, Esq.
                                    *Attorney for Plaintiff*
                                    389 Fort Salonga Road, Suite 2
                                    Northport, New York 11768
                                    (631) 897-9374
                                    Fax: (631) 610-3612

Defendant's Address:

TO: THE COUNTY OF SUFFOLK
Suffolk County Department of Law
Attorney for Defendants:
*The County of Suffolk, The Suffolk County Police Department, The Suffolk County District Attorney's Office*
Dennis M. Brown -- Suffolk County Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway, 6th Floor
Hauppauge, New York 11788

DEVITT, SPELLMAN, BARRETT, LLC
Kelly Wright, Esq.
Attorneys for Defendants:
*The Town of Southampton, The Southampton Town Police Department*
50 Route 111, Suite 314
Smithtown, New York 11787

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
NATHANIEL COOPER,

                Plaintiff,

-against-

THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY
POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON,
THE SOUTHAMPTON TOWN POLICE DEPARTMENT,
THE SUFFOLK COUNTY DISTRICT ATTORNEY'S
OFFICE, and "JOHN DOE", a person or firm whose name
is currently unknown,

                Defendant.
----------------------------------------------------------------X

**COMPLAINT**

Index #: 14-04079

    Plaintiff, NATHANIEL COOPER, by his attorney, THE LAW OFFICES OF PETER S. SMITH, PLLC, complaining of the defendants, upon information and belief, alleges as follows:

    1.    That at all times hereinafter mentioned, plaintiff, NATHANIEL COOPER, was, and is, a resident of the County of Suffolk, State of New York, residing at 1 North Lexington Lane, Shirley, New York 11967.

    2.    That at all times hereinafter mentioned, defendant, THE COUNTY OF SUFFOLK, was, and still is, a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times hereinafter mentioned, defendant, THE SUFFOLK COUNTY POLICE DEPARTMENT, was, and still is, a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That at all times hereinafter mentioned, defendant, THE TOWN OF SOUTHAMPTON, was, and still, is, a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, defendant, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, was, and still is, a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, defendant, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, was, and still is, a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant, "JOHN DOE" is a Police Officer residing in the County of Suffolk and employed as a Police Officer by the SOUTHAMPTON TOWN POLICE DEPARTMENT.

8. Defendant, Police Officer, "JOHN DOE" is sued herein in his official capacity as a Police Officer with the SOUTHAMPTON TOWN POLICE DEPARTMENT.

9. On or about January 19, 2011, at approximately 3:00 a.m., in the Town of Southampton, County of Suffolk, State of New York, the plaintiff, NATHANIEL COOPER, was falsely, maliciously, willfully, wantonly, with reckless disregard and without reasonable or probable cause, falsely accused of Charges of Criminal Possession of a Controlled Substance in the Fifth Degree, Criminal Possession of a Controlled Substance in the Fourth Degree, Criminal Using Drug Paraphernalia in the Second Degree, and False Personation and was falsely arrested, detained, searched, and imprisoned.

10. That on or about June 22, 2011, NATHANIEL COOPER was indicted for Criminal Possession of a Controlled Substance Fifth Degree and other related charges under Indictment No. 00218B-2011 and was detained and imprisoned without probable or reasonable cause.

11. That on or about the 11th day of December 2012, in the County Court, County of Suffolk and State of New York, the Indictment No. 00218B-2011 of criminal charges of Criminal Possession of a Controlled Substance in the Fifth Degree and other related charges were dismissed,

the conviction was vacated based on the District Attorney's belief of an impediment to the conviction and the plaintiff was discharged from custody by the Honorable Gary Weber.

12. That on or about the 19th day of February, 2013, a Notice of Claim was duly served upon the defendants.

13. That the Notice of Claim was duly served upon the defendants within ninety (90) days after the cause of action of the plaintiff accrued.

14. That more than thirty (30) days has elapsed since service of a Notice of Claim upon the defendants.

15. That the defendants have neglected, failed and refused to pay and compromise or adjust the claim of the plaintiff herein.

16. That the plaintiff has duly submitted to a 50-H Hearing on the 29th day of October 2013.

17. That the action has been commenced within one year and ninety (90) days after the cause of action of plaintiff accrued.

18. That plaintiff has complied with all the conditions precedent to the commencement of this action.

**AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, and "JOHN DOE," a person whose name is currently unknown FOR FALSE ARREST AND FALSE IMPRISONMENT**

19. Plaintiff repeats, reiterates and re alleges each and every allegation contained in paragraphs "1" through "18" of this Complaint with the same force and affect as so fully set forth herein.

20. That upon information and belief and all times hereinafter mentioned, defendants THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN

OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown, and its police officers, detectives, court personnel and other agents, servants and/or employees unlawfully, maliciously, falsely accused, detained and imprisoned the plaintiff on a charge of Criminal Possession of a Controlled Substance in the Fifth Degree.

21. On or about January 19, 2011, at approximately 3 a.m., in the Town of Southampton, County of Suffolk, State of New York, the plaintiff, NATHANIEL COOPER was falsely, maliciously, willfully, wantonly, with reckless disregard and without reasonable or probable cause, falsely arrested, detained, searched, and imprisoned and falsely accused of a Charge of Criminal Possession of a Controlled Substance in the Fifth Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fourth Degree, Criminal Using Drug Paraphernalia in the Second Degree, and False Personation.

22. That upon information and belief, the false arrest was made as a result of improprieties, improper conduct and bad faith investigation by THE SUFFOLK COUNTY POLICE DEPARTMENT, SOUTHAMPTON TOWN POLICE and by Police Officer "JOHN DOE."

23. That upon his arrest, the plaintiff, NATHANIEL COOPER denied his involvement.

24. That subsequent to his false arrest, the plaintiff, NATHANIEL COOPER, was indicted, falsely convicted and imprisoned on a charge of Criminal Possession of a Controlled Substance in the Fifth Degree.

25. That the false arrest and imprisonment was without probable cause and without authority of law.

26. That on or about May 18, 2012, plaintiff was apprised by THE SUFFOLK COUNTY DISTRICT ATTORNEY'S office that "JOHN DOE," the investigating police officer was under investigation for misconduct with respect to the arrest and prosecution of plaintiff, NATHANIEL

COOPER.

27. That on or about the 11th day of December 2012, in the County Court, County of Suffolk and State of New York, the Indictment No. 00218B-2011 of criminal charges of Criminal Possession of a Controlled Substance in the Fifth Degree and other related charges were dismissed, the conviction was vacated based on the District Attorney's belief of an impediment to the conviction and the plaintiff was discharged from custody by the Honorable Gary Weber.

28. Plaintiff, NATHANIEL COOPER has been duly acquitted thereof and discharged and the said prosecution was wholly terminated in plaintiff's favor as of the 11th day of December 2012.

29. That the acts and conduct of THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown, its agents, servants and/or employees, constituted a false arrest when defendants unlawfully detained and confined plaintiff against his will, unlawfully placed plaintiff in handcuffs without reasonable cause therefore, in unlawfully confining plaintiff to a cell without reasonable cause therefore, in intentionally and unlawfully detaining, confining, questioning and searching plaintiff without probable cause all resulting in an unlawful arrest and imprisonment without valid legal process.

30. Plaintiff was conscious of the false arrest and imprisonment.

31. That the actions of the defendants, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown, its agents, servants and/or employees were malicious, willful, intentional, wanton, with reckless disregard and without any just or probable

cause or provocation.

32. By reason of the aforesaid false arrest and imprisonment of the plaintiff by the defendants as herein alleged, the plaintiff was subjected to great indignity and humiliation, sustained physical and psychological distress, emotional pain and suffering, humiliation, loss of reputation, economic loss, was prevented from attending to his usual business and was injured in his good name and reputation in the community.

33. By reason of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown FOR MALICIOUS PROSECUTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" of this Complaint with the same force and affect as so fully set forth herein.

35. On or about January 19, 2011, at approximately 3 a.m., in the Town of Southampton, County of Suffolk, State of New York, the plaintiff, NATHANIEL COOPER was falsely, maliciously, willfully, wantonly, with reckless disregard and without reasonable or probable cause, falsely arrested, detained and imprisoned and falsely accused of a Charge of Criminal Possession of a Controlled Substance in the Fifth Degree and other related charges.

36. That upon information and belief, the false accusation was made against plaintiff without probable cause, and as a result of improprieties and misconduct by the defendants, and without judicial review.

37. That upon information and belief, the arrest and prosecution of the plaintiff was condoned by THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT,

THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE AND THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE by ignoring a pattern of law enforcement improprieties and misconduct in order to secure a conviction and by the failure to train and supervise the assistant district attorneys, police officers and other employees, agents and servants in their legal obligations, including diligently disclosing exculpatory evidence and disclosing misconduct of the police officers and in failing to correct other wrongs in order to secure a conviction.

38. That the arrest and prosecution of the plaintiff were made with malice, without probable cause and without authority of law.

39. That the acts and conduct of THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," its agents, servants and/or employees, constituting the malicious prosecution occurred when defendants unlawfully detained and confined plaintiff against his will and without probable cause, in unlawfully arresting and prosecuting plaintiff without reasonable cause therefore, in maliciously, wantonly and recklessly prosecuting plaintiff based on improprieties and misconduct of the investigating police officers, in unlawfully confining plaintiff without probable cause or valid legal process.

40. Plaintiff was conscious of the false arrest and confinement.

41. That on or about the 11th day of December 2012, in the County Court, County of Suffolk and State of New York, the Indictment No. 00218B-2011 of criminal charges of Criminal Possession of a Controlled Substance in the Fifth Degree and other related charges were dismissed, the conviction was vacated based on the District Attorney's belief of an impediment to the conviction and the plaintiff was discharged from custody by the Honorable Gary Weber.

42. That the actions of the defendants, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," its police officers, agents, servants and/or employees were malicious, willful, intentional, wanton and without any just or probable cause or provocation.

43. By reason of the aforesaid malicious prosecution of the plaintiff by the defendants as herein alleged, the plaintiff was subjected to great indignity and humiliation, sustained severe physical, emotional and psychological distress, emotional pain and suffering, humiliation, economic loss, loss of reputation, was prevented from attending to his usual business, was subjected to expense in the procurement and services of counsel in his defense upon said charges and was injured in his good name and reputation in the community.

44. By reason of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION AS TO DEFENDANTS THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown FOR VIOLATION OF RIGHTS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" of this Complaint with the same force and affect as so fully set forth herein.

46. That on or about January 19, 2011, the plaintiff, NATHANIEL COOPER was harassed, annoyed, intimidated and unlawfully questioned, searched, prosecuted and confined by defendants based on improper conduct and improper investigation by the defendants.

47. That on or about January 19, 2011, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown, in their official capacity acting under color of law, deprived the plaintiff of State constitutional rights, including his right to due process of law, the right to counsel, the right to liberty, and the deprivation of rights, privileges and immunities secured by the Federal Constitution and laws of the State of New York.

48. That on or about January 19, 2011, the defendants, their agents servants and/or employees in their official capacity acting under color of law violated plaintiffs rights as secured by the Due Process Clause of the Fourteenth Amendment of the United States Constitution while acting under color of law, deprived the plaintiff of his constitutional rights, by the deliberate indifference to the violation of his right to liberty and freedom of movement without reasonable suspicion of any wrong committed by plaintiff all resulting in injury and the unnecessary and wanton infliction of pain in violation of the Due Process Clause of the Fourteenth Amendment.

49. Defendants unlawful arrest, search and confinement constitute deliberate indifference to plaintiff's rights as secured by the Due Process Clause of the Fourteenth Amendment of the Constitution and laws of the State of New York.

50. Defendants conduct was intentional and willful and was done under color of law, in placing plaintiff in custody by improper conduct of "JOHN DOE" and the SOUTHAMPTON TOWN POLICE DEPARTMENT.

51. While plaintiff was in custody, the defendants created a harm to plaintiff with specific intent to harass and disrupt the civil rights of plaintiff by condoning the misconduct and to cause plaintiff intentional harm in violation of plaintiffs Constitutional and Civil Rights, and in deprivation

of rights secured to the plaintiff pursuant to 42 U.S.C. §1983.

52. By reason of the aforesaid violation of his civil rights, the plaintiff was subjected to great indignity and humiliation, sustained physical and psychological distress, emotional pain and suffering, humiliation, economic loss, loss of reputation, was prevented from attending to his usual business, was subjected to expense in the procurement and services of counsel in his defense upon said charges and was injured in his good name and reputation in the community.

53. By reason of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANTS, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT and THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown FOR VIOLATION OF RIGHTS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS AND FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983**

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" of this Complaint with the same force and affect as so fully set forth herein.

55. That on or about January 19, 2011, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE and "JOHN DOE," a person whose name is currently unknown, acting under color of law, deprived the plaintiff of State constitutional rights, including his right to due process of law, the right to liberty, and freedom of movement, and the deprivation of rights, privileges and immunities secured by the Federal Constitution and laws of the State of New York.

56. That on or about January 19, 2011, plaintiff was maliciously detained and searched without reasonable suspicion or probable cause.

57.  That the malicious detainment and search of plaintiff, was engaged in under color of state law.

58.  That the malicious detainment and search subjected the plaintiff to a deprivation of rights, privileges and immunities secured by the Federal Constitution, including violation of the Fourth Amendment of the Constitution to protect plaintiff from an unreasonable search and seizure, and to deprivation of state rights as secured by the Due Process Clause of The Fourteenth Amendment and in deprivation of civil rights under 42 U.S.C. §1983.

59.  That the search and detainment was made without judicial review and was made in bad faith without reasonable suspicion and/or probable cause and in violation of the established statutory and constitutional rights of the plaintiff.

60.  Defendants unlawful detainment and search constitutes deliberate indifference to plaintiff's rights as secured by the Fourth and Fourteenth Amendments of the Constitution and by the laws of the State of New York.

61.  By reason of the aforesaid violation of his civil rights, the plaintiff was subjected to great indignity and humiliation, sustained severe physical, emotional and psychological distress, emotional pain and suffering, humiliation, economic loss, loss of reputation, was prevented from attending to his usual business, and was injured in his good name and reputation in the community.

62.  By reason of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction, and is further entitled to the recovery of their legal fees, costs and expenses in prosecuting this action pursuant to 42 U.S.C. §1983.

## AS AND FOR A FIFTH CAUSE OF ACTION AS TO DEFENDANTS, THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT and THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "62" of this Complaint with the same force and affect as so fully set forth herein.

64. Defendants conduct has been intentional and willful and was done under color of state law with specific intent to harass and disrupt the civil rights of plaintiff including the due process rights of the plaintiff and to cause him intentional harm in violation of plaintiff's Constitutional and Civil Rights, and in violation of rights and immunities secured to the plaintiff pursuant to 42 U.S.C. §1983.

65. By reason of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdictional limits of all lower Courts otherwise having jurisdiction, and plaintiff is further entitled to the recovery of their legal fees, costs and expenses in prosecuting this action pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment against the defendants on each Cause of Action in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: Northport, New York
February 14, 2014

LAW OFFICES OF PETER S. SMITH, PLLC

_____
PETER S. SMITH, ESQ.
*Attorney for Plaintiff*
389 Fort Salonga Road, Suite 2
Northport, New York 11768
(631) 897-9374
Fax: (631) 610-3612

Index No.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

NATHANIEL COOPER,

                Plaintiff,

- against -

THE COUNTY OF SUFFOLK, THE SUFFOLK COUNTY POLICE DEPARTMENT, THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON TOWN POLICE DEPARTMENT, THE SUFFOLK COUNTY DISTRICT ATTORNEYS OFFICE, and "JOHN DOE", a person or firm whose name is currently unknown,

                Defendant.

## SUMMONS AND COMPLAINT

Law Offices of Peter S. Smith, PLLC
Attorney for Plaintiff
*NATHANIEL COOPER.*
389 Fort Salonga Road, Suite 2
Northport, New York 11768
(631) 897-9374

To: See Affidavit of Service

Signature (Rule 130-1.1-a)

*[signature]*
Peter S. Smith