UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NATHANIEL COOPER,

                          Plaintiff,

   - against -

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT, THE TOWN OF
SOUTHAMPTON, THE SOUTHAMPTON TOWN
POLICE DEPARTMENT, THE SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE, and
"JOHN DOE," a person or firm whose name
is currently unknown,

                        Defendants.
-----------------------------------------------------------------------X

**NOTICE OF REMOVAL**

Docket No.:

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

      **PLEASE TAKE NOTICE,** that defendants hereby remove to this Court the state court action described below.

      1.    On February 26, 2014, an action was commenced in Supreme Court, Suffolk County by Nathaniel Cooper against The County of Suffolk, the Suffolk County Police Department, the Town of Southampton, the Southampton Town Police Department, the Suffolk County District Attorney's Office and "John Doe." The case is pending in that court under Index No. 14-04079.

      2.    The Town of Southampton and the Southampton Town Police Department ("the Southampton defendants") were served with the Summons and Complaint on March 10, 2014. Upon information and belief, the County of Suffolk, the Suffolk County Police Department, and the Suffolk County District Attorney's Office ("the County defendants") were served at or about the same time.

3. The Summons and Complaint filed in the state Court Action is attached as Exhibit A.

4. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446, in that it is filed within thirty (30) days of the service of the Summons and Complaint.

5. Removal to federal court of an action commenced in state court is proper when the action could have been commenced by petitioners in federal court under the court's original jurisdiction. 28 U.S.C. § 1441. According to 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions "arising under" the Constitution, laws or treaties of the United States. Pursuant to 28 U.S.C. § 1441, a defendant may remove a state court action to federal court where the federal court would have had original jurisdiction over the action. Included in the causes over which Federal District Courts have subject matter jurisdiction are causes of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; Shea v. Union Free Sch. Dist. of Massapequa, 682 F.Supp.2d 239, 241 (E.D.N.Y. 2010).

6. This action is one which clearly could have been commenced in federal court, and which arises under both the Federal Constitution and federal statutes. Plaintiff's complaint alleges false arrest, false imprisonment and malicious prosecution, violations of plaintiff's Fourth Amendment rights to be free from unreasonable searches and seizures, as well as violation of plaintiff's Fourteenth Amendment due process rights, privileges and immunities through 42 U.S.C. §1983. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331. The federal

claims are claims which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1443.

7. This Court has supplemental jurisdiction of plaintiff's claims under the New York State Constitution, as well as his state law false arrest, false imprisonment and malicious prosecution claims, pursuant to 28 U.S.C. § 1367.

8. All of the named defendants, with the exception of "John Doe", have been informed of and join in the within request.[1] As concerns "Joe Doe", it is well-established that a nominal or formal party may be disregarded, and the failure of an improperly joined party to participate in the removal will not defeat removal. Bradford v. Harding, 284 F.2d 307 (2d Cir. 1960). As such, it is respectfully submitted that removal is proper herein.

9. Upon filing this Notice of Removal, written notice of this filing is being provided as required by law. A copy of this notice is also being filed with the Clerk of the Supreme Court, County of Suffolk, where the case was originally filed.

**WHEREFORE**, defendants hereby respectfully request that this action be removed to the United State District Court, Eastern District of New York and adjudicated.

Dated: Smithtown, New York
       March 20, 2014

                              DEVITT SPELLMAN BARRETT, LLP
                              Attorneys for Defendants

                              By: _____/S/_____
                                  Kelly E. Wright (KW 3904)
                              50 Route 111, Suite 314
                              Smithtown, New York 11787
                              (631) 724-8833

---

[1] The County of Suffolk, by Arlene Zwilling, Esq., has indicated that they consent to the within removal.

JS 44 (Rev. 1/2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COOPER, NATHANIEL

## DEFENDANTS
THE COUNTY OF SUFFOLK, ET AL.

(b) County of Residence of First Listed Plaintiff: Suffolk County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Suffolk County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Peter S. Smith, PLLC
389 Fort Salonga Road, Suite 2, Northport, NY 11768
(631) 897-9374

Attorneys *(If Known)*
See Attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / Other: / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1331, 28 U.S.C. §1441

Brief description of cause:
False arrest/imprisonment, malicious prosecution; §1983 Fourth and Fourteenth Amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/20/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Kelly E. Wright, counsel for Southampton defendants, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [X] monetary damages sought are in excess of $150,000, exclusive of interest and costs,
- [ ] the complaint seeks injunctive relief,
- [ ] the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: Yes

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
[X] Yes  [ ] No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
[ ] Yes  (If yes, please explain)  [X] No

I certify the accuracy of all information provided above.
Signature: /s/ Kelly E. Wright

ATTORNEYS FOR DEFENDANTS

DEVITT SPELLMAN BARRETT, LLP
Attorneys for Defendants TOWN OF
SOUTHAMPTON and SOUTHAMPTON TOWN
POLICE DEPARTMENT
50 Route 111, Suite 314
Smithtown, New York 11787
631-724-8833

Dennis M. Brown, Esq.
SUFFOLK COUNTY ATTORNEY
ATTORNEYS FOR COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE DEPT,
AND SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE
H. Lee Dennison Building
100 Veterans Memorial Highway, Box 6100
Hauppauge, New York 11788
631-853-5831

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NATHANIEL COOPER,

                Plaintiff,

- against -

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY POLICE DEPARTMENT, THE TOWN OF
SOUTHAMPTON, THE SOUTHAMPTON TOWN
POLICE DEPARTMENT, THE SUFFOLK COUNTY
DISTRICT ATTORNEY'S OFFICE, and
"JOHN DOE," a person or firm whose name
is currently unknown,

                Defendants.
-----------------------------------------------------------------------X

**ANSWER**

Docket No.: 14-CV-1820
(LDW)(AKT)

JURY TRIAL DEMANDED

Defendants, THE TOWN OF SOUTHAMPTON and THE SOUTHAMPTON TOWN POLICE DEPARTMENT, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, answering plaintiff's complaint, respectfully allege the following:

FIRST:      Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1" and "7" of the complaint.

SECOND:      Deny the allegations contained in paragraphs numbered "2", "3", "5", "6", "8", "13" and "18" of the complaint, and refer all questions of law to the Honorable Court.

THIRD:      Deny the allegations contained in the paragraph numbered "9" of the complaint, except admit that on or about January 19, 2011, at approximately 3:00 a.m., in the Town of Southampton, County of Suffolk, State of New York, the plaintiff, NATHANIEL COOPER, was arrested.

FOURTH: Deny the allegations contained in the paragraph numbered "10" of the complaint, except admit that on or about June 22, 2011, NATHANIEL COOPER was indicted for Criminal Possession of a Controlled Substance Fifth Degree and other related charges.

FIFTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "11" of the complaint except admit that on or about the 11th day of December 2012, plaintiff was discharged from custody by the Honorable Gary Weber.

SIXTH: Deny the allegations contained in the paragraph numbered "12" of the complaint, except admit that a Notice of Claim was served.

SEVENTH: Deny the allegations contained in the paragraph numbered "15" of the complaint, except admit that the claim has not been settled.

EIGHTH: Deny the allegations contained in the paragraph numbered "16" of the complaint, except admit that a 50-h hearing was held.

NINTH: Deny the allegations contained in paragraph numbered "17" of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

TENTH: In response to paragraph numbered "19" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

ELEVENTH: Deny the allegations contained in paragraphs numbered "20", "21", "22", "23", "24", "25", "29", "30", "31", "32" and "33" of the complaint.

TWELFTH: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "26" of the complaint.

THIRTEENTH: Deny the allegations contained in the paragraph numbered "27" of the complaint, except admit that on or about the 11th day of December 2012, in the County Court, County of Suffolk and State of New York, the plaintiff was discharged from custody by the Honorable Gary Weber.

FOURTEENTH: Deny the allegations contained in paragraph numbered "28" of the complaint, and refer all questions of law to the Honorable Court.

## ANSWERING THE SECOND CAUSE OF ACTION

FIFTEENTH: In response to paragraph numbered "34" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

SIXTEENTH: Deny the allegations contained in paragraphs numbered "35", "36", "37", "38", "39", "40", "42", "43", and "44" of the complaint.

SEVENTEENTH: Deny the allegations contained in the paragraph numbered "41" of the complaint, except admit that on or about the 11th day of December 2012, in the County Court, County of Suffolk and State of New York, the plaintiff was discharged from custody by the Honorable Gary Weber.

## ANSWERING THE THIRD CAUSE OF ACTION

EIGHTEENTH: In response to paragraph numbered "45" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

NINETEENTH: Deny the allegations contained in paragraphs numbered "46", "47", "48", "49", "50", "51", "52" and "53" of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

TWENTIETH: In response to paragraph numbered "54" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

TWENTY-FIRST: Deny the allegations contained in paragraphs numbered "55", "56", "57", "58", "59", "60", "61" and "62" of the complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

TWENTY-SECOND: In response to paragraph numbered "63" of the complaint, the defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

TWENTY-THIRD: Deny the allegations contained in paragraphs numbered "64" and "65" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The damages sustained by the plaintiff, if any, were caused by the plaintiff's own culpable and/or negligent conduct.

## THIRD AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or civil rights claim under federal law.

## FOURTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: No policy, statement, regulation or decision officially

adopted and/or promulgated by defendants or otherwise ratified by defendants authorized or caused a deprivation of the plaintiff's constitutional rights.

**FIFTH AFFIRMATIVE DEFENSE**

TWENTY-EIGHTH: No custom or practice adopted, followed, endorsed or ratified by the defendants authorized or caused a deprivation of plaintiff's constitutional rights.

**SIXTH AFFIRMATIVE DEFENSE**

TWENTY-NINTH: The doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

**SEVENTH AFFIRMATIVE DEFENSE**

THIRTIETH: Municipal defendants are not liable for punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

THIRTY-FIRST: Plaintiff has failed to comply with statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**NINTH AFFIRMATIVE DEFENSE**

THIRTY-SECOND: Plaintiff's claims, if any, are in whole or in part barred by the doctrines of collateral estoppel and/or res judicata.

**TENTH AFFIRMATIVE DEFENSE**

THIRTY-THIRD: Plaintiff's claims, if any, are barred in whole or in part by the statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

THIRTY-FOURTH: The defendants' actions, if any, were justified by the facts and circumstances presented.

## TWELFTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The defendants at all times acted reasonably and in good faith in the discharge of their duties and responsibilities.

THIRTY-SIXTH: The defendants acted solely pursuant to their duties and responsibilities as public officials.

THIRTY-SEVENTH: The defendants reasonably believed that they were exercising and acting within their statutory and constitutional powers and pursuant to federal and/or state law. In performing such responsibilities, defendants are and were protected by absolute and/or qualified immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: To the extent that the complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with a statutory condition precedent to the commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: The search was conducted pursuant to a lawful warrant.

## FIFTEENTH AFFIRMATIVE DEFENSE

FORTIETH: The defendants had probable cause to arrest, search and prosecute plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST: Plaintiff was arrested pursuant to a valid warrant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND: Plaintiff committed the crime for which he was arrested and he, by his own conduct, contributed to the conviction at issue.

### EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: Plaintiff is not entitled to recover for alleged unjust conviction from the Town of Southampton; his remedy, if any, lies against the State of New York.

### NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: The criminal charges against plaintiff were not terminated in his favor.

### TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH: The physical contact, if any, with plaintiff was privileged and necessary to effectuate the lawful search and arrest of plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH: Plaintiff knowingly and without coercion and with assistance of counsel pled guilty to the crimes he was charged with.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

FORTY-SEVENTH: The Town of Southampton Police Department is not an entity susceptible to suit.

WHEREFORE, defendants, THE TOWN OF SOUTHAMPTON and THE SOUTHAMPTON TOWN POLICE DEPARTMENT, demand judgment against the plaintiff dismissing the Complaint, together with the costs, disbursements and such other further relief

as this Court shall deem just and proper.

Dated: Smithtown, New York
       March 27, 2014

                                      Respectfully submitted,

                                      DEVITT SPELLMAN BARRETT, LLP
                                      Attorneys for Defendants
                                        THE TOWN OF SOUTHAMPTON and THE
                                        SOUTHAMPTON TOWN POLICE
                                        DEPARTMENT

                                        By: _____/S/_____
                                                Kelly E. Wright (KW 3904)
                                        50 Route 111, Suite 314
                                        Smithtown, New York 11787
                                        (631) 724-8833

TO:
LAW OFFICES OF PETER S. SMITH
Attorneys for Plaintiff
389 Fort Salonga Road, Ste. 2
Northport, New York 11768
631-897-9374

Dennis M. Brown, Esq.
SUFFOLK COUNTY ATTORNEY
ATTORNEYS FOR COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE DEPT,
AND SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE
H. Lee Dennison Building
100 Veterans Memorial Highway, Box 6100
Hauppauge, New York 11788
631-853-5831

<h1 style="text-align:center">AFFIDAVIT OF SERVICE BY MAIL</h1>

STATE OF NEW YORK    )
                                   ) ss.:
COUNTY OF SUFFOLK )

The undersigned being duly sworn, deposes and says:

Deponent is not a party to this action, is over 18 years of age and resides at Holbrook, New York.

That on March 28, 2014, deponent served the annexed ANSWER upon:

LAW OFFICES OF PETER S. SMITH
Attorneys for Plaintiff
389 Fort Salonga Road, Ste. 2
Northport, New York 11768

Dennis M. Brown, Esq.
SUFFOLK COUNTY ATTORNEY
ATTORNEYS FOR COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPT,
AND SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE
H. Lee Dennison Building
100 Veterans Memorial Highway, Box 6100
Hauppauge, New York 11788

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office.

                                                                       /S/
                                                    ELIZABETH O'ROURKE

Sworn to before me this
28th day of March, 2014.

     /S/
NOTARY PUBLIC