UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NATHANIEL COOPER,

                     Plaintiff,

       -against-

THE TOWN OF SOUTHAMPTON,
THE SOUTHAMPTON TOWN POLICE
DEPARTMENT and "JOHN DOE," a person or firm
whose name is currently unknown,

                     Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
14–CV–1820 (JMA)(AKT)

FILED
CLERK
3/3/2016 2:08 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

David H. Arntsen
Kelly E. Wright
Devitt Spellman Barrett, LLP
50 Route 111
Smithtown, NY 11787
     *Attorneys for Defendants*

Peter S. Smith
Law Offices of Peter Smith & Associates
389 Fort Salonga Road
Northport, NY 11768
     *Attorney for Plaintiff*

**AZRACK, United States District Judge:**

      Defendants Town of Southampton, Southampton Town Police Department, and "John Doe" have moved for summary judgment on plaintiff Nathaniel Cooper's state law claims and federal claims under 42 U.S.C. § 1983 ("Section 1983") for false imprisonment, malicious prosecution, violation of Due Process under Brady v. Maryland, 373 U.S. 83 (1963), and failure to train.  For the reasons stated below, defendants' motion for summary judgment is granted.

1

## I.    Background

The following facts are drawn from the parties' Local Civil Rule 56.1 Statements and the declarations and exhibits referenced therein.[1]  These facts are undisputed unless otherwise noted.

### A.  The Arrest

On January 19, 2011 plaintiff Nathaniel Cooper was arrested by officers from defendant Southampton Town Police Department (the "Department"), including defendant John Doe (an unnamed police officer employed by the Department) and Officer Sickles, during the execution of a search warrant at 599 Noyac Road, a residence located in the Town of Southampton (the "Town").  (Defs. 56.1 ¶ 2, ECF No. 30-3.)  The execution of the search warrant was part of a large-scale operation involving fifteen to twenty police officers, which resulted in the arrest of plaintiff and three others.  (Id. ¶ 7.)

After searching the premises, officers found narcotics and secured and handcuffed plaintiff.  (Id. ¶ 8.)  After plaintiff was restrained, Officer Sickles recovered a plastic bag containing crack cocaine from a pair of pants found in proximity to plaintiff's living area.  (Id. ¶ 33.)  Officer Sickles secured the evidence and transported it to Department headquarters.  (Id. ¶ 35.)

Plaintiff was indicted by a grand jury for Criminal Possession of a Controlled Substance in the 3rd degree and Criminal Possession of a Controlled Substance in the 5th degree.  Plaintiff subsequently pleaded guilty to Attempted Criminal Possession of a Controlled Substance in the 3rd degree and was sentenced to nine months imprisonment.  During his plea allocution, plaintiff

---

[1] In opposing defendants' motion for summary judgment, plaintiff submitted a Declaration in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, (ECF No. 24), that fails to cite record evidence and does not comply with Local Civil Rule 56.1 and my Individual Rule IV.D.  In light of these errors, the Court could have decided to simply disregard plaintiff's evidence and declaration, and deem defendant's 56.1 Statement admitted. However, it is unnecessary to determine whether such a sanction is appropriate here. The Court has considered plaintiff's declaration and has reviewed all evidence submitted in support and opposition to the motion.  As explained below, none of that evidence raises material issues of fact that preclude summary judgment.

admitted that he knowingly possessed crack cocaine at the time of his arrest, that he intended to sell crack cocaine, and that he knew possession and sale of crack cocaine was unlawful. (Id. ¶ 17.)

**B.** 

was assigned to the Department's Street Crimes Unit, the unit which conducted the search resulting in plaintiff's arrest. (Id. ¶ 24.)

(Id. ¶ 37.) The Town did not become aware of                                until nearly one year after plaintiff's arrest and six months after plaintiff's plea. (Id. ¶ 46.) At his deposition,

(Id. ¶ 41.)

### C. Dismissal of the Indictment Against Plaintiff

In April 2012, the Town become aware that

(Id. ¶ 46.) The Suffolk County District Attorney's Office ("District Attorney's Office") conducted an investigation of cases involving           dating back to 2010. (Id. ¶ 45.) The investigation did not uncover any irregularities about the search warrant that led to plaintiff's arrest and found no evidence that           engaged in misconduct in the seizure of evidence, signing of the complaints, or his testimony before the grand jury. (Id. ¶ 50.) Nevertheless, the District Attorney's Office decided, *sua sponte*, to consent to vacatur of plaintiff's conviction in light of the information regarding                      that came to light after plaintiff's guilty plea. (Id. ¶ 55.) On December 11, 2012, after plaintiff had already completed his sentence, the charges against him were dismissed and the indictment was dismissed in the interest of justice. (Id. ¶ 11.)

## II.      Discussion

### A.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating that "no genuine issue of material fact exists." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002).

"An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When determining whether any material facts are in dispute, the court "must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant[.]" Marvel Characters, 310 F.3d at 286.

To defeat a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment. See Shannon v. New York City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).

### B.  False Imprisonment and False Arrest Claim

Defendants argue that plaintiff cannot establish a claim for false arrest or false imprisonment because there was overwhelming probable cause for plaintiff's arrest.[2] (Defs. Br. at 10, ECF No. 30.) Plaintiff's opposition brief is entirely devoid of any mention of false arrest.

---

[2] Under New York law, the elements of false arrest and false imprisonment are the same. See Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). Accordingly, the Court refers to plaintiff's claim simply as a false arrest claim.

Plaintiff offers no facts or legal argument suggesting that he was in fact subject to false arrest, with the exception of one conclusory sentence alleging that "Plaintiff claims his rights were violated under 42 U.S.C. § 1983 when he was falsely arrested . . . ." (Decl. in Supp. of Pl. Opp. at 1, ECF No. 24.) The Court deems plaintiff to have abandoned his false arrest claim. Moreover, the Court finds, after reviewing the facts in the record, that plaintiff cannot establish a claim for false arrest because there was overwhelming probable cause for plaintiff's arrest. The Court therefore grants summary judgment and dismisses plaintiff's false arrest claim.

"The elements of a false [arrest] claim under federal law are substantially the same as under New York law." Rutigliano v. City of New York, 326 F. Appx. 5, 7 (2d Cir. 2009). A claim of false imprisonment under New York law requires a showing that: (1) "the defendant intended to confine the plaintiff"; (2) "the plaintiff was conscious of the confinement"; (3) plaintiff "did not consent to the confinement"; and (4) "the confinement was not otherwise privileged." Id. (citing Martinez v. City of Schenectady, 97 N.Y.2d 78, 85 (N.Y. 2001)). Privilege is established by showing the existence of probable cause for the arrest. Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003). Therefore, probable cause for an arrest is a complete defense for a claim of false arrest. Blasini v. City of New York, No. 11 Civ. 3022, 2011 WL 6224605, at *3 (S.D.N.Y. Dec. 14, 2011).

"[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Here, plaintiff's arrest was supported by overwhelming evidence of probable cause. The arresting officers discovered drugs and drug paraphernalia in and around plaintiff's living area and in plaintiff's clothing, and plaintiff made an

oral admission at the time of his arrest that the recovered drugs were for his personal use.[3]  Because plaintiff's arrest was overwhelmingly supported by probable cause, his claim for false arrest fails. The Court therefore dismisses plaintiff's false arrest claim.

### C. Malicious Prosecution Claim

Defendants argue that plaintiff cannot establish a claim for malicious prosecution because defendants had probable cause to believe that the criminal proceeding could succeed against plaintiff.  Once again, plaintiff's opposition brief is entirely devoid of any mention of malicious prosecution and plaintiff offers no facts or legal argument suggesting that he was subjected to malicious prosecution.  The Court deems plaintiff to have abandoned his malicious prosecution claim.  Moreover, the Court finds, after reviewing the facts in the record, that plaintiff cannot establish a claim for malicious prosecution because defendants had probable cause to believe that the prosecution of plaintiff could succeed.  The Court therefore grants defendants summary judgment and dismisses plaintiff's malicious prosecution claim.

"In order to prevail on a [Section] 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law."  Manganiello v. City of New York, 612 F.3d 149, 160–61 (2d Cir. 2010) (internal citations omitted).  New York law "places a heavy burden on malicious prosecution plaintiffs."  Smith–Hunter v. Harvey, 95 N.Y.2d 191, 195 (N.Y. 2000).

The elements of malicious prosecution under Section 1983 are "substantially the same" as the elements under New York law—"the analysis of the state and the federal claims is identical."

---

[3] Moreover, Cooper's guilty plea "clearly indicate[s] that he consented to his . . . sentence of imprisonment, thereby negating the third element of his false imprisonment claim."  Pinero v. Casey, No. 10 Civ. 4803, 2012 WL 832509, at *6–8 (S.D.N.Y. Mar. 13, 2012) report and recommendation adopted, No. 10 CIV. 4803, 2012 WL 1059674 (S.D.N.Y. Mar. 29, 2012).

Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003).  A claim of malicious prosecution under New York law requires a showing of: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in [the] plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for [the] defendant's actions."  Manganiello, 612 F.3d at 161. A Section 1983 claim also requires a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).

The existence of probable cause is a defense to a claim of malicious prosecution.  See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003).  Probable cause to prosecute exists when there are "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff is guilty,"  Boyd, 336 F.3d at 76, for example when defendant "believe[d] that the plaintiff could be 'successfully prosecuted.'"  Stone v. Port Auth. of N.Y. & N.J., No. 11–CV–3932, 2014 WL 3110002, at *9 (E.D.N.Y. July 8, 2014) (quoting Posr v. Court Officer Shield No. 207, 180 F.3d 409, 417 (2d Cir. 1999)).  Probable cause to arrest "is a defense to a claim of malicious prosecution if it is not later nullified by information establishing the accused's innocence." Id. (quoting Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014)).  Once probable cause exists to arrest, that probable cause continues to exist throughout a prosecution until it is undermined by intervening facts or circumstances that demonstrate a groundless nature of the charge. Johnson v. Constantellis, 221 F. Appx. 48, 50 (2d Cir. 2007).  A plaintiff faces a "steeply uphill" battle to prove there was insufficient probable cause to prosecute when there was sufficient probable cause to arrest.  Parisi v. Suffolk County, No. 04–CV–2187, 2009 WL 4405488, at *11 (E.D.N.Y. Nov. 30, 2009); Williams v. City of New York, 2003 WL 22434151 at *6 (S.D.N.Y. October 23, 2003), aff'd 120 F. Appx. 388 (2d Cir. 2005) ("In the absence of some indication that

the authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest, no claim for malicious prosecution may lie.").  Moreover, "indictment by a grand jury creates a presumption of probable cause that may <u>only</u> be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  <u>Savino</u>, 331 F.3d at 72.

As discussed above, plaintiff's arrest was supported by overwhelming probable cause. Plaintiff does not allege that Officer Sickles, or any other Department officer, engaged in misconduct with respect to the search, seizure, or arrest of plaintiff for possession of drugs.  Nor does plaintiff allege any misconduct in Officer Sickles' signing of the complaint or his testimony before the grand jury.  Because plaintiff has not shown any intervening facts or circumstances undermining the probable cause to arrest plaintiff, he cannot establish the third element of a malicious prosecution claim.[4]  <u>See</u> <u>Savino</u>, 331 F.3d at 72 ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York.").

Because defendants had probable cause to believe that the prosecution of plaintiff could succeed, his claim for malicious prosecution fails.  The Court dismisses plaintiff's malicious prosecution claim.

D. **<u>Brady</u> Violation Claim**

Defendants argue that plaintiff cannot establish a claim for violation of his Due Process rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), because under <u>Brady</u>, the prosecution is not

---

[4] Moreover, plaintiff cannot establish the second element of a malicious prosecution claim: a favorable termination of the proceeding.  "Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." <u>Murphy v. Lynn</u>, 118 F.3d 938, 948 (2d Cir. 1997).  Dismissal in the interest of justice is deemed to be an unfavorable termination, particularly when plaintiff offers no indication of his innocence.  <u>See</u> <u>id.</u>

required to provide a criminal defendant with material impeachment evidence prior to the defendant entering a guilty plea. (Defs. Br. at 15.) While plaintiff's opposition brief provides a thorough overview of <u>Brady</u> claims generally, his brief fails to address whether the prosecution is required to provide impeachment evidence prior to a criminal defendant's entering a guilty plea. Because defendants had no obligation to provide plaintiff with material impeachment evidence prior to his guilty plea, plaintiff cannot sustain a claim for violation of his Due Process rights under <u>Brady</u>. The Court grants summary judgment and dismisses plaintiff's <u>Brady</u> claim.

Pursuant to <u>Brady</u>, the government is obligated to disclose evidence in its possession that is favorable to the defendant and material. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government's duty to disclose applies not only to exculpatory evidence, but also to evidence that could be used to impeach a government witness. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 154–55 (1972).

However, plaintiff's <u>Brady</u> claim based on the failure of the government to disclose material impeachment evidence is foreclosed by his guilty plea. <u>See</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 633 (2002). In <u>Ruiz</u>, the Supreme Court held "that the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." <u>Id.</u>

Because the government had no obligation to provide plaintiff with impeachment evidence prior to his guilty plea, plaintiff's Due Process rights were not violated and there was no <u>Brady</u> violation. The Court grants defendants summary judgment on plaintiff's <u>Brady</u> claim.

**E. Failure to Train Claim**

Defendants argue that there is no evidence to support a finding that the Town has a policy or practice in place that led to the deprivation of plaintiff's constitutional rights under <u>Monell</u> based

9

on a failure to train officers on their obligation to disclose exculpatory evidence.  (Defs. Reply at 7, ECF No. 32.)  Plaintiff makes veiled arguments in his opposition brief that "Officers must be trained that it is their obligation to disclose any exculpatory evidence to prosecutors prior to a criminal prosecution" and "Town and Police department policy should mandate the disclosure of any and all potentially exculpatory information to prosecutors prior to any criminal prosecution." (Pl. Opp. at 6.)  Plaintiff further "alleges the lack of such a policy by the defendants."  (Id.) Plaintiff's "Duty to Train" section of its opposition brief does not contain a single case citation or relevant fact pertaining to this case.  Plaintiff's theory of municipal liability, as best the Court can decipher, is that the Town failed to train, supervise, or discipline its police officers with respect to their obligation to disclose material impeachment evidence pursuant to Brady, and that this failure resulted in the deprivation of plaintiff's constitutional rights.

However, "Monell does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct."); Vassallo v. Lando, 591 F. Supp. 2d 172, 201–02 (E.D.N.Y. 2008) (holding that because there was no constitutional violation by the individual defendants, there was no Monell claim against the municipality).  As explained above, plaintiff's claim for violation of his Due Process rights under Brady fail, thus any Monell claim against defendants for failure to train on those grounds also fails. See Segal, 459 F.3d at 219.  The Court grants summary judgment and dismisses plaintiff's failure to train claim.

10

### III.    Conclusion

For the reasons set forth above, defendants' motion for summary judgment is granted. Defendants are entitled to summary judgment on plaintiff's claims of false arrest, malicious prosecution, Due Process <u>Brady</u> violation, or <u>Monell</u> failure to train.  All claims against defendants are dismissed.

**SO ORDERED.**

Date: March 3, 2016
Central Islip, New York

                                                     _____/s/ (JMA)_____
                                                     Joan M. Azrack
                                                     United States District Judge